UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER HARDESTY<br>2905 Hollywood Drive,<br>Pueblo, CO 81005,<br><br>*Plaintiff*,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>*Defendant*. | )<br>)<br>) CASE NO: 22-cv-111<br>)<br>)<br>) COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW, Plaintiff CHRISTOPHER HARDESTY, by and through his attorney of record, asserting claims against Defendant the United States of America, and states and alleges as follows:

### I.

### JURISDICTION AND VENUE

**1.** Plaintiff, CHRISTOPHER HARDESTY (hereinafter "Plaintiff"), is a citizen of the United States and a resident of 2905 Hollywood Dr, Pueblo CO, 81005 and served in the United States Army at all times pertinent hereto.

**2.** The Defendant is the United States of America, acting by and through the Department of the Army, an agency of the United States Government.

**3.** This is an action for judicial review of administrative denial of disability benefits that the United States Army failed to provide Plaintiff under the terms of the Servicemembers Group Life Insurance Traumatic Injury Protection Program (hereinafter "TSGLI").

**4.** Plaintiff brings this action against Defendant, the United States of America, based upon

a failure of the Department of Army to pay benefits owed to Plaintiff under the TSGLI program.

5.  This Court has jurisdiction over the parties under 38 USC 1975, as well as under the terms of the TSGLI program, as any member who receives an adverse TSGLI decision may obtain judicial review in any United States District Court of competent jurisdiction.

6.  Although not a requirement to seek relief in this Court, Plaintiff has exhausted all administrative appeals available prior to commencing this lawsuit.

7.  Venue is proper in this District on the basis that the United States Department of the Army is one of three military departments within the Department of Defense of the United States of America, an executive branch department of the federal government of the United States, under the control of the President of the United States of America as part of the executive branch of the federal government, which is seated in the District of Columbia.

## II.

## FACTUAL ALLEGATIONS

8.  The Servicemembers' Group Life Insurance Traumatic Injury Protection Program, also known as TSGLI, is a rider policy to the Servicemembers' Group Life Insurance Policy "SGLI" policy that provides a payment for service members injured as the result of a traumatic event.

9.  TSGLI coverage was added to SGLI policies effective December 1, 2005. After December 1, 2005, all service members covered by SGLI are eligible for TSGLI coverage, regardless of where their qualifying traumatic injury occurred. In addition, a retroactive program covers service members who sustained a qualifying traumatic injury while supporting Operation Enduring Freedom (OEF), Operation Iraqi Freedom (OIF), or while on orders in a Combat Zone Tax Exclusion (CTZE) area from October 7, 2001 through November 30, 2005.

10. Then, effective October 1, 2011, the Veterans' Benefit Improvement Act of 2010

removed the requirement that injuries during the retroactive period be incurred in Operations Enduring or Iraqi Freedom. Since this time, claims have increased, premiums paid into the policy have remained the same, and not coincidentally, systematic denials have increased.

11. For service members who pay into the SGLI that suffer a qualifying loss as a result of a traumatic injury event, the Defendant will pay between $25,000 and $100,000, depending on the severity of the qualifying loss.

12. The benefit is paid to the member, someone acting on the member's behalf if the member is incompetent, or the member's SGLI beneficiary if the member is deceased, however, the policyholder of the SGLI and TSGLI policies is the government, which limits the ability for bad faith action by participating service members, which further leads to a more systematic system that has an eye for denial.

13. All members covered under SGLI who experienced a traumatic event that directly results in a traumatic injury causing a scheduled loss defined under the program are eligible for TSGLI payment.

14. Losses must meet at least one TSGLI loss standard in order to be eligible or a benefit payment. There are nine categories of losses covered, which are as follows:

a) Sensory losses

b) Burns

c) Paralysis

d) Amputation

e) Limb Salvage

f) Facial Reconstruction

g) Activities of Daily Living (ADL)

      h) Inpatient Hospitalization

      i) Coma/TBI combined with another injury

15. Under (g) above, to qualify for benefits, a servicemember must suffer ADL losses in two of six categories – eating, bathing, dressing, toileting, continence, and transferring. Further, the assistance required has to be at least one of the following three categories: physical, standby, or verbal assistance.

16. If a member submits an application for benefits, a medical professional must sign a Part B form to certify the medical information being provided. In so doing, a medical professional certifies that the applicant meets the TSGLI criteria stated above. In Plaintiffs' case, a medical professional, registered nurse Terri Burns certified his individual claim.

17. At all times pertinent hereto, Plaintiff was eligible for TSGLI benefits through his status as a servicemember of the Army who paid into the Servicemembers' Group Life Insurance.

18. Also, Plaintiff has suffered traumatic injuries that entitled him to TSGLI benefits under 38 CFR § 9.20 due to a traumatic injury that occurred on July 5, 2010, when Plaintiff was in a military vehicle when it was hit by an improvised explosive device (IED) in Afghanistan. Plaintiff suffered multiple injuries and he was medically evacuated from Bagram Air Base Hospital to Landstuhl Regional Medical Center, then to Walter Reed National Military Medical Center for further care. Diagnoses included closed comminuted fracture of the right tibia and fibula, closed comminuted fracture of the left tibia involving the medial malleolus, multiple facial fractures and TBI. On July 13, 2010, open reduction internal fixation (ORIF) surgery with plates and screws was performed on both ankles. Due to the severity of his fractures, post-operative orders included 3 (three) months of non-weight bearing on both ankles to promote healing. Due to his inability to walk, Plaintiff was given a wheelchair. Any type of stress placed on either ankle after surgery would have placed him at great risk

for movement of the hardware, displacement of the fracture or even deformity. On July 16, 2010, facial reconstruction surgery was performed, and Plaintiff was again transferred to Balboa Naval Hospital on July 25, 2010. Thereafter, on July 27, 2010, Plaintiff was discharged home to the care of his mother, Kelli Hardesty, who is also a registered nurse, after being in the hospital for a total of 23 days. Plaintiff received outpatient rehabilitation care at Balboa Naval Hospital for the next several months. From the time of Plaintiff's initial injury on July 5, 2010, up until at least November 16, 2010, Plaintiff remained in a wheelchair due to his inability to bear weight on his fractured ankles. Months after his injuries, there are multiple medical providers who noted his wheelchair use and inability to walk. As a result, Plaintiff was deemed unable to independently bathe, dress, toilet, and transfer without physical and standby assistance for a period of over 90 consecutive days. Plaintiff's mother, Kelli Hardesty, and Plaintiff's friend, Jeremy Tovalin, provided constant physical/stand-by assistance with bathing, dressing, toileting and transferring during this period. Absent such assistance, Plaintiff could not perform his ADLs independently. This was certified by multiple medical professionals. To date, Plaintiff has not been fully compensated for 90 days of ADL losses due to his traumatic injuries

19. On or about July 23, 2010, Plaintiff submitted an application for TSGLI benefits to the U.S. Army Human Resources Command, supported by a Part B form signed by Registered Orthopedic Surgeon, Donald N. Hope that indicating that Plaintiff was unable to bathe, transfer, dress, eat and toilet independently without physical and standby assistance and that the inability was ongoing.

20. On August 3, 2010, Plaintiff received letter approving his benefits for Other Traumatic Injury (OTI) related hospitalization of 15 days or greater by compensating $25,000.00.

21. Thereafter, on May 12, 2014, Plaintiff through his prior attorney, Capretz & Associates, submitted a supplementary application for TSGLI claim supported by a Part B form signed by a medical professional, Dennis Hopkins, stating that from July 05, 2010 to November 23, 2010, Plaintiff

required physical and standby assistance for bathing, dressing and toileting.

22. On April 14, 2015, Plaintiff's supplementary application for TSGLI benefit claim for inability to perform at least two (2) Activities of Daily Living (ADL) for consecutive 120 days was denied stating that "[m]edical documentation provided does not indicate the member's loss met the TSGLI minimum standard. The decision letter further stated that "[y]our claim for the inability to perform activities of daily living (ADLs) due to traumatic injury other than traumatic brain injury (OTI) was approved for 30 days, however this loss cannot be combined with your previous payment for hospitalization. Your claim for ADL loss of 60 days or greater was not approved because your loss did not meet the TSGLI medical standard. Medical documentation provided with your claim indicates you were able to complete all ADLs with no limitations as early as August 24th 2010; 51 days after your traumatic event."

23. On May 15, 2015, Plaintiff submitted an appeal before the Army Human Resources Command against the denial letter dated April 14, 2015. Plaintiff also submitted additional supporting documents including a statement from a registered nurse, Terri Burns, RN, BSN who reviewed Plaintiff's medical documents, statements from Plaintiff and his caregivers, Kelli Hardesty and Jeremy Tovalin.

24. However, on December 28, 2015, Plaintiff received a letter from the Army Human Resources Command denying the appeal stating that "[y]our claim for the inability to perform ADLs due to traumatic injury other than traumatic brain injury for 60 day or greater was not approved because your loss did not meet the TSGLI medical standard." The TSGLI Appeals Board did not address the statements provided and did not mention the specific facts of the case. The decision letter did not adequately explain the decision and reasoning.

25. Again, on September 15, 2016, Plaintiff appealed the denial to the U.S. Army Human

Resources Command (TSGLI) and requested to consider the appeal for the supplemental claim for the amount of $75,000.00 due to inability to perform at least two (2) ADLs for 120th consecutive days. Plaintiff also submitted a reconsideration statement from the registered nurse, Terri Burns, RN, BSN., supplemental statement from Kelli Hardesty, supplemental statement of plaintiff including a transcript of video statement dated September 9, 2016 and a supplemental statement of Jeremy Tovalin.

26. Thereafter, on March 5, 2018, Plaintiff received a letter denying his request for reconsideration dated September 15, 2016. The decision letter stated that "[a]fter reviewing the claim and supporting documentation, I am unable to overturn the previous adjudication concerning claimed losses associated with activities of daily living (ADL) from the traumatic event on July 5, 2010 in Afghanistan." The letter also further stated that as "[Plaintiff] was no longer living with his mother and brother during the week as of August 13, 2010, therefore [Plaintiff] no longer required her assistance as of that date." The denial decision letter simply assumed that since Plaintiff no longer was living with his mother and brother, Plaintiff did not require assistance at that time. However, the letter failed to consider the facts regarding the living conditions of the Plaintiff and the nature of his injuries. The decision letter did not adequately explain the decision.

27. Subsequently, on August 16, 2018, Plaintiff through his new counsel, Peter S. Cameron, submitted TSGLI appeal with a supplementary TSGLI application and requested for reconsideration with new and material evidence. Plaintiff also request for final review before ARBA appeal. As a new and material evidence, Plaintiff submitted a statement of a registered nurse Nancy Olson, RN, MSN, who have reviewed Plaintiff's medical records and has commented on the extent of the traumatic injuries as well as the impact that these injuries had on Plaintiff. Plaintiff also submitted a statement as a rebuttal to the finding of his living situation in the denial letter dated March 5, 2018. In the supplementary application Plaintiff stated that he was unable to bathe, dress, toilet and transfer without

physical and stand-by assistance from July 05, 2010, to October 07, 2010.

28. However, Plaintiff's TSGLI appeal request dated August 16, 2018, was not considered and instead by a letter dated August 30, 2018 from the U.S. Army Human Resources Command directed the Plaintiff to submit any further appeals to the Department of the Army Review Boards Agency (ARBA).

29. Finally, on September 7, 2018, Plaintiff appealed to the Army Board for Correction of Military Records ("ABCMR") requesting that medical records, statements of Plaintiff and other who witnesses the ADL losses, as well as medical professional opinions all support the claim for 90 days of ADL losses and the totality of evidence and a proper weighing of evidence under the appropriate legal standard requires an approval of Plaintiff's claim. Therefore, requested for approval of Plaintiff's TSGLI claim for 90 days of ADL losses.

30. However, by a letter dated May 13, 2021, ABCMR again denied Plaintiff's claim for 90 days ADLs loss stating that Plaintiff "[t]he evidence presented does not demonstrate the existence of a probable error or injustice. Therefore, the Board determined the overall merits of this case are insufficient as a basis for correction of records of the individual concerned." The ABCMR letter again did not properly address the evidence presented under the proper legal standard and ignored or disregarded most of the pertinent evidence.

31. The ABCMR decision letter dated May 13, 2021, did not notified Plaintiff of his right to seek relief in federal court.

32. The ABCMR decision letter did not state the legal standard of review that was applied to Plaintiff's claim.

33. The ABCMR decision letter provided either do not address any specific facts of the case or evidence, or did so in an inadequate fashion.

34. Defendant has standardized its claim denial practices in a manner that is arbitrary, capricious, unsupported by its own guidelines, and contrary to law. Defendant ignored statements and other evidence that demonstrate entitlement to ADL losses for up to 90 days. Defendant's denial of Plaintiff's claim is unsupported by substantial evidence.

35. Defendant seems to have denied Plaintiff's claim for TSGLI benefits because, among other reasons, it claims that Plaintiff's medical documents do not indicate that the injury rendered Plaintiff incapable of performing ADLs pursuant to the TSGLI guidelines, in direct opposition to the opinion of a certifying medical professionals who reviewed the same medical records, Plaintiff, and Plaintiff's caregiver. Defendant does not give any reasons as to why the certifying medical professionals' certification are not credible, nor does it supply any evidence of having based its decision on the opinion of any other medical expert whatsoever.

36. Further, Defendant has improperly narrowed the TSGLI Procedures Guide, which is codified by law under 38 C.F.R. 9.20 and SECNAVINST 1770.4, and 38 USC § 5107(b), which is the standard applicable in this case of "substantial evidence", meaning: when there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant; and as such, is not acting in accordance with the law, and furthering the improper denial of claims.

37. Defendant failed to approve Plaintiff's claims for benefits even though Plaintiff meets the contractual and legal criteria.

38. Defendant violated its own guidelines for denying claims by failing to provide loss codes and otherwise adequately advise Plaintiff for the reason for the denial.

39. In its decisions, Defendant failed to mention of length Plaintiff was non-weight bearing on his lower extremities, failed to mention statements from care providers, failed to address barracks as

medical hospital barracks, failed to share the Agency Medical Advisor memorandum with counsel for Plaintiff, failed to provide Plaintiff with his right to pursue an appeal in federal court, failed to mention specific ADL losses claimed, failed to consider the entire administrative file, and selectively choose medical records to discuss and reference.

40. Plaintiff has thereby suffered an unwarranted denial of benefits due to them under the TSGLI program.

### III.

### CLAIMS FOR RELIEF

41. All allegations contained in the previous paragraphs are incorporated herein by reference.

42. Plaintiff herewith requests judicial review and remand to the agency for Defendant's denial of Plaintiff's claim for TSGLI benefits, based, inter alia, upon Defendant's:

    a. failure to pay benefits due and owing under the TSGLI program, as outlined elsewhere herein;

    b. failure to apply the proper legal standard in adjudication of claims;

    c. failure to advise Plaintiff of his legal rights to challenge the decision of Defendant;

    d. failure to provide memorandums that list a detailed decision of the case;

    e. failure to identify reasons for the denial of benefits under the applicable guidelines, including omission of loss codes and/or any other adequate basis for its decision; and

    f. addition of illegal and unauthorized criteria for TSGLI claims.

### IV.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. a remand with direction to review to act with the direction of this court and, if appropriate, award TSGLI program benefits, which are formulaic in nature;

b. an award of interest, costs and attorney's fees as provided by statute;

c. an award of attorney's fees as provided by statute and code, including The Equal Access to Justice Act, 5 U.S.C. § 504; 28 U.S.C. §2412; and

d. such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 18, 2022

*/S/ Peter S. Cameron*

PETER S. CAMERON, ESQ. #CA00088
CAMERON FIRM, PC
4003 Wabash Ave.
San Diego, CA 92104
Telephone: (619) 819-5021
Facsimile: (619) 330-3513
Email: peter@sandiegolegaloffice.com

JOSHUA S. BERMAN, ESQ #84720
DROSS BERMAN, LLC
11140 Rockville Pike #500
Rockville, MD 20852
Telephone: (240)403-7200 (tel)
Facsimile: (240)667-1673 (fax)
josh@drossberman.com

Attorneys for Plaintiff, Christopher Hardesty